# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PANINI AMERICA, INC.  *Plaintiff*,  v.  FANATICS, INC., FANATICS, LLC, FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC., FANATICS SPV, LLC, and FANATICS HOLDINGS, INC.  *Defendants.* | **Case No. 8:23-CV-1721** |

# DECLARATION OF GREGG WINIARSKI IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

I, Gregg Winiarski, declare as follows:

1. I am the Chief Legal Officer of Fanatics Holdings, Inc. I am submitting this Declaration in support of Defendants' Motion to Transfer to the U.S. District Court for the Southern District of New York. I am familiar with the matters raised in this declaration and have personal knowledge of the facts stated herein.

**Fanatics Entities Named As Defendants:**

2. Fanatics' trading card operations are part of its Fanatics Collectibles business, which includes Defendants Fanatics Collectibles Intermediate Holdco, Inc. and Fanatics SPV, LLC. Fanatics Collectibles is headquartered in New York, New York, maintains its principal place of business in New York, and most of its business leadership team reside in New York. It does not have any corporate offices in Florida, has never been headquartered in Florida, and no member of its business leadership team resides in Florida.

3. Defendant Fanatics Holdings, Inc. ("Fanatics Holdings") is the ultimate parent of the Fanatics Collectibles business, and also has its headquarters, principal place of business, and most of its leadership team in New York. Fanatics Holdings does not have any corporate offices in Florida, has never been headquartered in Florida, and no member of its business leadership team resides in the Middle District of Florida.

4. Defendant Fanatics, LLC is not part of Fanatics Collectibles or Fanatics Collectibles' trading card business. It is part of the Fanatics Commerce line of business, which is a designer, manufacturer, and seller of fan gear, jerseys, lifestyle and

streetwear products, headwear, and hardgoods. It operates a vertically-integrated platform of digital and physical capabilities for sports leagues, teams, colleges, and associations globally. "Fanatics, Inc." no longer exists as a legal entity within the Fanatics business structure; it was converted into Fanatics, LLC well before Panini filed this Complaint.

**Trading Card Licensors:**

5. The following intellectual property licensors that entered into license agreements with Fanatics Collectibles between 2021 and 2022 for the production of trading cards are headquartered in New York and have their principal places of business in New York:

    a. NBA Properties ("NBA"). Headquarters at 645 Fifth Ave., New York, New York.

    b. National Basketball Players Inc. and National Basketball Players Association (collectively "NBPA"). Headquarters at 1133 Avenue of the Americas, New York, New York.

    c. MLB Advanced Media, L.P. ("MLB"). Headquarters at 1271 Avenue of the Americas, New York, New York.

    d. Major League Baseball Players Association and MLB Players, Inc., (collectively "MLBPA"). Headquarters at 12 East 49th Street, New York, New York.

    e. NFL Properties LLC ("NFL"). Headquarters at 345 Park Avenue, New York, New York.

6.      The National Football League Players Incorporated, the National Football League Players Association, and OneTeamPartners, LLC (collectively "NFLPA") are headquartered in Washington, DC and maintain their principal place of business there.

7.      Each of the six trading card licenses with the licensors discussed above stipulates that it is governed by New York law and each of those licenses contains either a forum-selection clause or an arbitration clause identifying New York as the forum for dispute resolution.

8.      Panini alleges in its Complaint (¶¶ 1, 110) that Panini has existing licensing agreements with the NFL and NBA, as well as with their respective players associations.  Based on my knowledge about the standard terms used by these licensors, it is my belief that these licenses identify New York as the forum for dispute-resolution relating to those licenses.

**Topps Acquisition:**

9.      Topps Company, Inc., which Fanatics acquired in 2022, was based in New York at the time of the acquisition.  It has maintained its headquarters in New York since its acquisition by Fanatics.

10.     The negotiations for this acquisition occurred primarily in New York.

11.     The Topps Company, Inc. does not have corporate offices in Florida.

**GC Packaging:**

12.     The printing company GC Packaging LLC ("GC Packaging") is based in Texas.

13. Fanatics' investment in GC Packaging was primarily negotiated from Washington, D.C., New York, and Texas. To the best of my knowledge, none of the negotiations took place in Florida.

14. GC Packaging does not have any corporate office or production facility in Florida.

**Former Panini Employees:**

15. The Complaint alleges that in 2023, Fanatics hired 36 former Panini employees. Compl. ¶¶ 100-01. To the best of my knowledge, Fanatics has not hired any Panini employee who resided in Florida.

**Forum-Selection Clause:**

16. Fanatics SPV, LLC and Panini entered into a non-disclosure agreement ("NDA") on April 12, 2022, in connection with their negotiation of a potential early termination of certain of Panini's licenses. The NDA provides, in relevant part:

> Each Party has requested certain information regarding the other Party and its direct and indirect parent and affiliated companies and subsidiaries in connection with a possible negotiated transaction between the Parties or their affiliates (the "Transaction"). Each Party, in its capacity as a Party disclosing information, is referred herein to as "Discloser," and, in its capacity as a Party receiving disclosure of information, is referred to herein as "Recipient." In consideration of Discloser furnishing Recipient information, the Parties have entered into this agreement (this "Agreement") and agree as follows:
>
> \*   \*   \*
>
> This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Delaware, without regard to any conflict of laws principles. Any court

4

action or proceeding arising out of or relating to the subject matter of this Agreement shall be brought only in the federal or state courts located in the borough of Manhattan, New York. Each Party agrees and submits to the exclusive jurisdiction of these courts for any such action or proceeding and each Party agrees not to commence any such action or proceeding in any other court or forum. Each Party further acknowledges and agrees that the federal or state courts located in the borough of Manhattan, New York, are and would be convenient forums and irrevocably and unconditionally waives any objection to the laying of venue of an action or proceeding in such courts, and, further, irrevocably and unconditionally waives, and agrees not to plead or claim in any such court, that the action or proceeding has been brought in an inconvenient forum or should be transferred. EACH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN CONNECTION WITH ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I have executed this declaration on August 14, 2023, in New York, New York.

Gregg Winiarski
Chief Legal Officer
Fanatics Holdings, Inc.