UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PANINI AMERICA, INC.  *Plaintiff*,  v.  FANATICS, INC., FANATICS, LLC, FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC., FANATICS SPV, LLC, and FANATICS HOLDINGS, INC.  *Defendants.* | Case No. 8:23-CV-1721-KKM-AEP |

**MOTION TO STAY PENDING RESOLUTION OF MOTION TO TRANSFER AND MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

As set forth in Fanatics'[1] accompanying Motion to Transfer to the U.S. District Court for the Southern District of New York ("Motion to Transfer"), Panini's antitrust complaint has nothing to do with the Middle District of Florida, and rightly belongs in the Southern District of New York. When Fanatics met and conferred with Panini about Fanatics' intention to seek to transfer this action to the Southern District of New York, Fanatics requested that Panini consent to a stay of the deadline to move or answer against the Complaint until after the Court rules on the Motion to Transfer, so that the parties need not waste resources on Rule 12 practice that will need to be redone if the Motion to Transfer is granted. Panini refused to agree to the stay, necessitating this motion. Fanatics respectfully submits that staying all deadlines in this case until after the Court resolves the pending Motion to Transfer is the efficient way to proceed, and will not prejudice Panini.

## II. PROCEDURAL BACKGROUND

On August 3, 2023, Plaintiff filed suit in the U.S. District Court for the Middle District of Florida, alleging that Defendants engaged in anticompetitive conduct to monopolize the markets for trading cards of major U.S. professional sports leagues including the NBA, MLB, and NFL. ECF No. 1. Four named Defendants received service of summons and complaint on August 7, 2023, and one named Defendant

---

[1] For purposes of this motion, the term "Fanatics" refers to the named defendants in the Complaint, Fanatics, Inc., Fanatics, LLC, Fanatics Collectibles Intermediate Holdco, Inc., Fanatics SPV, LLC, and Fanatics Holdings, Inc. The term "Panini" refers to the plaintiff in this action, Panini America, Inc.

1

received service of summons and complaint on August 10, 2023. Accordingly, four Defendants need to respond to the Complaint by August 28, 2023, and one Defendant needs to respond to the Complaint by August 31, 2023. See Fed. R. Civ. P. 12(a)(1)(A).

On August 3, 2023, this case was assigned to the Honorable Kathryn Kimball Mizelle and Magistrate Judge Anthony E. Porcelli. ECF No. 3. This Court thereafter issued a civil case order, which, among other things, requires the parties to confer and file a case management report within 40 days after any defendant appears. ECF No. 6; *see also* L.R. 3.02 (which also requires the judge to enter an order setting deadlines and scheduling the case for trial, after considering the case management report). Defendants first appeared on August 14, 2023, ECF Nos. 13–17, making the parties' current deadline to file a case management report September 25, 2023.

On August 14, 2023, Defendants also filed a Motion to Transfer to the U.S. District Court for the Southern District of New York. ECF No. 24. Defendants seek to transfer because the parties entered into a valid and mandatory forum-selection clause that requires claims to be brought in New York, and because the convenience of the parties and witnesses, the locus of operative facts and sources of proof, and the interest of justice, compel a transfer to New York. *Id*. Defendants now request that the Court stay all deadlines in the case, including the deadline for Defendants to respond to Plaintiff's Complaint and the deadline for the parties to file a case management report, until after the resolution of Defendants' Motion to Transfer.

## III. ARGUMENT

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Woronec v. Zachry Indus., Inc.*, No. 8:18-cv-2244-EAK-AEP, 2019 WL 12518266, at *1 (M.D. Fla. Apr. 12, 2019) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Courts in this district may consider "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." *Mackiewicz v. Nationstar Mortg., LLC*, No. 6:15-cv-465-ORL-GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015). These considerations are consistent with the federal rules, which require only "good cause" for the court to extend the time of an act. Fed. R. Civ. P. 6(b); *see also* Fed. R. Civ. P. 16(b).

"Good cause" exists because in the absence of granting the requested relief, the purpose behind the Motion to Transfer will be subverted. Fanatics is seeking to transfer because, as explained in the Motion to Transfer, this case belongs in the Southern District of New York. But by refusing to consent to a stay to permit the Court to decide the venue issue before Rule 12 motion papers are due, Panini is attempting to force Fanatics to begin litigation in this Court. That is unjust.

Moreover, because the interpretation and application of laws and precedents to particular facts can vary from circuit to circuit, this Court's decision on the pending Motion to Transfer may impact the law governing Plaintiff's antitrust claims. *See Murphy v. FDIC*, 208 F.3d 959, 964 (11th Cir. 2000) (transferee court should apply its

3

own interpretation of federal law, not that of the transferor court); *see also Menowitz v. Brown*, 991 F.2d 36, 40–41 (2d Cir. 1993) (same).  In fact, if the Court grants the Motion to Transfer after a motion to dismiss is filed in this Court, resources may be required to brief a motion to dismiss for the second time.  The requested stay would allow the Court to clarify the issue of venue and mitigate against the burden of potentially litigating in two forums.  *See Mackiewicz*, 2015 WL 11983233, at *1; *see also Woronec*, 2019 WL 12518266, at *1.

Additionally, from a procedural standpoint, the parties will likely face different filing requirements in this Court and in the Southern District of New York that could change briefing on a motion to dismiss.  For example, this Court does not permit reply papers as a matter of right, but the Southern District of New York contemplates reply papers served within seven days after service of answering papers.  *Compare* L.R. 3.01(d), *with* S.D.N.Y. L.R. 6.1(b), available at https://www.nysd.uscourts.gov/sites/default/files/local_rules/2021-10-15%20Joint%20Local%20Rules.pdf.  And, many judges in the Southern District of New York have individual pre-motion practices that are not requirements in this Court.  It thus could be a waste of both parties' resources if they are forced to brief the motion to dismiss here and then commence motion-to-dismiss practice in the Southern District of New York.

It also would be inefficient for the parties to work on submitting a Case Management Report, which would likely become moot if this case were transferred to the Southern District of New York where the transferee court would likely have different case management procedures and schedules that need to be accounted for.

4

In contrast to the prejudice that could result from Fanatics being compelled to proceed with motion practice while the Motion to Transfer is pending, granting a short stay will result in no prejudice to Panini. This Court typically rules on a motion to transfer venue quite promptly, meaning that even if the Motion to Transfer is denied, at most Fanatics will be submitting its motion to dismiss a few weeks later than it would in the absence of a stay. *See Woronec*, 2019 WL 12518266, at *1 (granting motion to stay because "the stay is limited in duration and tailored to be in effect only until the Court's ruling on the [jurisdictional motion]"). And a stay will benefit the Plaintiff as well as Defendants, and ensure that Plaintiff likewise does not expend resources litigating the case in this Court, only to have the case transferred to another court, potentially wasting the time and effort spent here.

In similar circumstances, this Court has granted requests for a short stay pending resolution of a motion to transfer venue. For example, in *Halscott Megaro v. McCollum*, this Court (Presnell, J.) granted a motion to stay in a virtually identical scenario, where defendants argued that granting its motion to stay pending the disposition of their motion to transfer would conserve resources and would not prejudice the plaintiff. *See* Order Granting Motion to Stay, No. 6:21-cv-01559-GAP-DCI (M.D. Fla. Nov. 9, 2021), ECF No. 30; *see also id.*, Motion to Stay Pending the Disposition of Defendants' Motion to Transfer (M.D. Fla. Nov. 3, 2021), ECF No. 22. Similarly, in *Woronec v. Zachry Industrial, Inc.*, this Court (Kovachevich, J.) granted a motion to stay when a pending motion raised threshold questions regarding which court should hear the case. 2019 WL 12518266, at *1–2. The court ruled that

5

"[r]esolving these issues prior to the further progression of the case will allow the parties to proceed in the proper forum and understand the nature of the action." *Id.* at *1. The same interests would be served by granting a stay here, and Fanatics respectfully submits that the Court should do so again here.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Pending Resolution of Motion to Transfer should be granted.

Dated: August 14, 2023                     Respectfully submitted,

/s/ William J. Schifino, Jr.
William J. Schifino, Jr., Esq.
Florida Bar Number 564338
John A. Schifino, Esq.
Florida Bar Number 72321
Justin P. Bennett, Esq.
Florida Bar Number 112833
Gregory L. Pierson, Esq.
Florida Bar Number 123905
Audrey A. Gangloff, Esq.
Florida Bar Number 1021343
**GUNSTER, YOAKLEY**
**& STEWART, P.A.**
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
Facsimile: (813) 228-6739
wschifino@gunster.com
jschifino@gunster.com
jbennett@gunster.com
gpierson@gunster.com
agangloff@gunster.com
cwarder@gunster.com
asnaggs@gunster.com

Michael G. Tanner, Esq.
Florida Bar Number 261300
**GUNSTER, YOAKLEY**
**& STEWART, P.A.**
1 Independent Drive, Suite 2300
Jacksonville, Florida 32202
Telephone: (866) 915-7185
Facsimile: (904) 354-2170
mtanner@gunster.com


*Counsel for Defendants*

Lawrence E. Buterman (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Amanda P. Reeves (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Christopher S. Yates (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Michael B. Carlinsky (*pro hac vice* forthcoming)
**QUINN EMANUEL**
51 Madison Ave, 22nd Floor
New York, NY 10010
michaelcarlinsky@quinnemanuel.com
(212) 849-7000

Derek L. Shaffer (*pro hac vice* forthcoming)
Christopher G. Michel (*pro hac vice* forthcoming)
**QUINN EMANUEL**
1300 I Street NW, 9th Floor
Washington, DC 20005
derekshaffer@quinnemanuel.com
christophermichel@quinnemanuel.com
(202) 538-8000

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I hereby certify that counsel for Defendants has conferred over teleconference with Plaintiff's counsel, Stuart H. Singer, of Boies Schiller Flexner LLP, on August 14, 2023, who advised that Plaintiff opposes the relief requested in this motion.

Respectfully submitted on August 14, 2023.

>  /s/ William J. Schifino, Jr.
>  William J. Schifino, Jr.

## CERTIFICATE OF SERVICE

I certify that on August 14, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>  /s/ William J. Schifino, Jr.
>  William J. Schifino, Jr.