UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PANINI AMERICA, INC.

    *Plaintiff,*

    v.                                **Case No. 8:23-CV-1721-KKM-AEP**

FANATICS, INC.,
FANATICS, LLC,
FANATICS COLLECTIBLES
INTERMEDIATE HOLDCO, INC.,
FANATICS SPV, LLC, and
FANATICS HOLDINGS, INC.

    *Defendants.*
_____/

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF MOTION TO TRANSFER

## I. Introduction

This Court has recently observed that "motions to stay are generally disfavored unless resolution of the pending motion would dispose of the entire case." Order Denying Motion to Stay, *American Products Production Company of Pinellas County, Inc. et al., v. Denise Armstrong, et al.*, Case No: 8:23-cv-747-KKM-SPF (M.D. Fla. May 5, 2023), ECF No. 25 at 2 ("*American Products*") (Mizelle, J.) (citation omitted).[1] That is not the case here where Fanatics seeks a stay based on a non-dispositive motion to transfer that will not impact the scope of legal or factual issues in this case in any meaningful way. Indeed, as will be detailed fully in Panini's forthcoming opposition to Fanatics' motion to transfer, for its entire corporate existence going back to 1995, Fanatics has represented itself as—and consistently been known as—being headquartered in the State of Florida. Moreover, the venue provision that is the centerpiece of Fanatics' motion relates only to the subject of the non-disclosure agreement in which it appears, which concerns preserving the confidentiality of certain information exchanged between the parties in connection with a transaction

---

[1] Even motions to stay pending resolution of case dispositive motions are "rarely granted" in this District. *See* Middle District of Florida's Handbook on Civil Discovery, at 5, *available at* https://www.flmd.uscourts.gov/civil-discovery-handbook ("Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted.").

1

that never occurred. This, too, will be discussed more fully in the opposition to the Motion to Transfer.

For present purposes, however, we focus on the absence of justification for staying progress in this case. A stay will not prevent hardship or conserve judicial resources. Rather, it will unnecessarily delay the proceedings while Panini continues to be disadvantaged by Fanatics' course of unlawful and anticompetitive behavior. For these reasons, it should be denied. *See Renuen Corp. v. Lameira*, No. 6:14-cv-1754, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015) (Smith, J.) (denying motion to stay pending resolution of motion to transfer since a transfer would not "have any meaningful effect on the litigation."); *Glasgo v. Uber Techs., Inc.*, 8:19-cv-97, 2019 WL 8060043, at *1 (M.D. Fla. Mar. 25, 2019) (denying motion to stay pending resolution of motion to transfer and noting that a court "has an independent obligation to move its cases forward to resolution as expeditiously as possible").

## II.   Legal Standard

"Deciding whether to stay a case 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Matthey v. Johnson & Johnson*, No. 8:19-cv-1143-T-33SPF, 2019 WL 2411268, at *3 (M.D. Fla. June 7, 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "The proponents of a stay 'must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay

for which he prays will work damage to someone else." *American Products,* at 2 (quoting *Landis*, 299 U.S. at 254). Consistent with the Supreme Court's holding in *Landis*, courts in this District also have examined whether a stay will unduly prejudice or tactically disadvantage the non-moving party and whether granting the stay would further judicial economy. *See Garmendiz v. Capio Partners, LLC,* No. 8:17-cv-00987-EAK-AAS, 2017 WL 3208621, at *1-2 & n.2 (M.D. Fla. July 26, 2017) (collecting cases); *see also Encarnacion v. Fin. Corp. of Am.*, 2:17-CV-566-FTM-38CM, 2018 WL 5631045, at *1 (M.D. Fla. Oct. 31, 2018); *Amalong v. Wyeth LLC,* No. 6:10-cv-1650-ORL-22GJK, 2011 WL 13299580, at *2 (M.D. Fla. Apr. 26, 2011). "[M]otions to stay are generally disfavored unless resolution of the pending motion would dispose of the entire case." *Products*, at 2 (citation omitted).

### III.  Argument

To justify a stay, Fanatics is required to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay … will work damage to" Panini. *See American Products*, at 2 (citation omitted). Fanatics' motion does not come close to meeting this standard. Simply put, this is not one of the rare circumstances in which a stay is warranted. At the same time, there is far more than a "fair possibility" that Panini will be prejudiced if this case is delayed while Fanatics

3

continues its course of unlawful conduct. Thus, Fanatics' motion should be denied.

### A. Fanatics has Not Established a Hardship or Inequity in Being Required to Go Forward

Fanatics contends (at 4) that its requested stay is needed to "mitigate against the burden of potentially litigating in two forums." But Fanatics' speculative arguments regarding additional work that may be required if the case is ultimately transferred do not establish that it will suffer an undue burden in the absence of a stay, let alone an inequity or hardship.

First, Fanatics contends (at 3-4) that the motion to transfer could impact its response to the complaint. Of course, if Fanatics elects to answer the complaint, the court in which the answer is filed makes no difference. And, if Fanatics chooses to file a motion to dismiss, the briefing will focus on the Sherman Act, a federal statute that applies with equal force to Fanatics' wrongful conduct regardless of venue or where Fanatics claims to operate, and state law claims that will be governed by choice of law principles. Fanatics' suggestion (at 4) that they may be required to brief a motion to dismiss twice ignores that there will be substantial overlap between any briefing submitted to this Court and the Southern District of New York. At most, if this Court grants Fanatics' motion to the transfer, the parties will be required to identify

differences between the caselaw of the Second Circuit and the Eleventh Circuit. This does not constitute a burden or hardship worthy of a stay.

Just a few months ago, this Court rejected similar arguments in ruling on a motion to stay pending resolution of a motion for remand. *See American Products*, at 2-3. In that case, the plaintiffs sought a stay of briefing on the motions to dismiss pending the resolution of their motion for remand, contending that neither they nor the Court should be required to expend resources on the motions to dismiss if "the Court lack[ed] subject matter jurisdiction due to an improper removal." *Id*. at 3. In denying the motion, this Court agreed with defendants that the "motions to dismiss could be 'immediately ruled upon after denial of Plaintiffs' Motion to Remand' or 'immediately re-filed' in state court if the Court grants the Plaintiffs' motion for remand.'" *Id*.; *see also W. Watersheds Project v. Nat'l Park Serv.,* No. 1:21-CV-00219-DCN, 2021 WL 3560803, at *2 (D. Idaho Aug. 11, 2021) ("NPS's answer or responsive pleading should be substantially similar—if not identical—regardless of whether this case is ultimately adjudicated in the District of Idaho or in the District of Utah.").

The same holds true here. If the Court denies Fanatics' motion to transfer, it will be able to address immediately any pending motion to dismiss (or, if briefing is still ongoing, briefing can continue without delay). And if the

5

Court grants the motion to transfer, any pending motion to dismiss easily can be refiled in the Southern District of New York.

Similarly, the procedural differences between filing requirements do not justify a stay. Fanatics notes that this Court does not allow reply papers as a matter of right. But that requires Fanatics to do less work, not more work, and of course, if warranted, Fanatics may seek leave to file a reply. Whether or not a stay is granted, this rule difference only means that Fanatics will be permitted to file an additional brief as of right if the case is transferred.

Nor is there any merit to Fanatics' contention (at 4) that it would "be inefficient for the parties to work together on submitting a Case Management Report." The differences between each district's case management report requirements are primarily a matter of form, not substance. In both cases, the parties must meet and confer to set deadlines for amending pleadings, serving initial disclosures, and completing fact and expert discovery.[2] If the case were transferred, the parties would need to conform the report and specific deadlines to the format required by the Southern District of New York, but the substantive work and planning that goes into that report must be done either

---

[2] *Compare* United States District Court Middle District of Florida Uniform Case Management Report, *available at* www.flmd.uscourts.gov/form/uniform-case-management-report, *with* United States District Court Southern District of New York Civil Case Management Plan and Scheduling Order, *available at* https://nysd.uscourts.gov/sites/default/files/practice_documents/MKV%20Vyskocil%20Case%20Management%20Plan.pdf.

6

way. The motion to transfer, even if granted, will not eliminate the need for a case management plan. Fanatics has not demonstrated that it will be burdened by starting this work now rather than later. *See W. Watersheds Project*, 2021 WL 3560803, at *2 ("NPS will also be required to confer with counsel regarding case management procedures and deadlines anywhere this case is adjudicated. Forcing them to do so now, rather than when the venue issue is decided, will not prejudice NPS."); *see also Twardosky v. Waste Mgmt., Inc.*, Case No: 8:19-cv-2467-T-36TGW, 2019 U.S. Dist. LEXIS 207815, at *2-3 (M.D. Fla. Dec. 3, 2019) ("Here, as Plaintiff points out, whether or not this case is transferred to another district court has no bearing on the parties' need to complete discovery. Stated differently, the motion to transfer, which is a non-dispositive motion, will not dispose of the entire case and entirely eliminate the need for discovery.")

More generally, Fanatics claims (at 3) that forcing it to begin litigation in this Court is "unjust" and (at 5) that prejudice "could" result if Fanatics is required to proceed with motion practice while its motion to transfer is pending. Fanatics offers no support for these conclusory assertions. And, as discussed above, regardless of where this case is litigated, Fanatics will have to respond to the complaint, confer with Panini's counsel to submit a case management report, and engage in discovery. There is no injustice in allowing that process to continue now, in this Court.

7

## B. A Stay Will Prejudice Panini

In contrast to Fanatics' claim of prejudice, the prejudice Panini will suffer if this action is stayed is far from speculative. Panini's licenses with the NBA, NBA Players Association, NFL, and NFL Players Association will continue through September 2025 and into February/March 2026, respectively. Compl. ¶ 1. Panini will be producing and selling trading cards for those leagues for the next two-to-two-and-a-half years—and will be adversely affected by Fanatics continuing to unlawfully interfere and engage in other anticompetitive and tortious conduct. After securing its exclusive deals and locking up player trading cards for all three Major U.S. Professional Sports Leagues for the decades after Panini's licenses expired, Compl. ¶ 65, Fanatics immediately began abusing its recently achieved monopoly power by going after Panini.

Consider GC Packaging, LLC—"the critical, high-tech, custom manufacturer of trading cards for Panini." Compl. ¶ 77. Fanatics acquired a controlling stake in GCP, Compl. ¶ 77, and then exercised that control "to interfere with and restrict Panini's supply of trading cards," Compl. ¶ 94. To be sure, Panini has not (yet) sought preliminary injunctive relief based on Fanatics' exploitation of GCP, but that does not mean that Panini is not harmed each extra day that Panini is at the mercy of Fanatics for its "lifeblood—the production of nearly all its trading cards." Compl. ¶ 93; *see also*

8

*SuperMedia Inc. v. Bell*, No. 3:12-CV-2034-GFISH, 2012 WL 5389683, at *3 (N.D. Tex. Nov. 2, 2012) (finding plaintiffs' lack of certainty and inability to plan established harm if action were stayed and rejecting defendant's argument that plaintiffs' failure to seek injunction precluded such a finding).[3]

The same holds true for the rest of the Anticompetitive Conduct outlined in the Complaint. Compl. ¶¶ 67-123. Panini is prejudiced by each day of delay—as are consumers. Panini deserves to receive its day in court in accordance with the timeline of this Court's Local Rules and the Federal Rules of Civil Procedure.

C. **A Stay Will Not Promote Judicial Economy**

In addition to evaluating hardship and prejudice, courts in this District have also examined whether a stay would promote judicial economy. *E.g., Garmendiz*, 2017 WL 3208621, at *3. This consideration also weighs in favor of denial. Because Fanatics' motion to transfer is non-dispositive, it will not impact the scope of the issues to be decided in this case. *See Renuen*, 2015 WL 1138462, at *2 ("While any new court will presumably enter its own scheduling order, transfer certainly will not simplify the issues or reduce the amount of

---

[3] Panini America has secured a preliminary injunction against one aspect of Fanatics' wrongful conduct—its raiding of employees in order to misappropriate trade secrets. Agreed Temporary Injunction, *Panini America, Inc. v. Eli Nicholas Matijevich, Jr., et al.*, Case No. DC-23-04798 (Tex. Dist. Ct., Dallas Cnty., May 25, 2023).

9

discovery required to present the parties' claims and defenses."). Therefore, contrary to Fanatics' arguments, a stay is not needed to conserve resources.

Other courts in this District have denied motions to stay that, like Fanatics', are premised on non-dispositive motions to transfer. For instance, in *Renuen*, the Court refused to stay the case pending resolution of defendants' motions to transfer since a transfer would not "have any meaningful effect on the litigation." 2015 WL 1138462, at *2. Similarly, in *Glasgo v. Uber Techs., Inc.*, Uber sought a stay pending the resolution of its motion to transfer, contending that a stay would "preserve valuable judicial resources by allowing the Court to focus on deciding the pending motion to transfer." WL 8060043, at *1. The Court rejected this argument, noting that it "has an independent obligation to move its cases forward to resolution as expeditiously as possible" and "[s]taying these proceedings while the Court rules on Uber's Motion to Dismiss, Transfer, or Stay does not serve that goal." *Id.* (citation omitted). Courts in other districts have taken the same approach. *E.g., MindbaseHQ LLC v. Google LLC*, No. 20-cv-24742, 2021 WL 680887 (S.D. Fla. Feb. 22, 2021) (denying motion to stay pending resolution of motion to transfer); *W. Watersheds Project*, 2021 WL 3560803 (same).

The cases highlighted by Fanatics, on the other hand, involved stay requests based on case dispositive motions. In *Woronex v. Zachry Indus., Inc.*, No. 8:18-cv-2244-EAK-AEP, 2019 WL 12518266 (M.D. Fla. Apr. 12, 2019),

10

Judge Kovachevich granted a motion to stay pending the resolution of a motion to remand that implicated the court's subject matter jurisdiction to hear the dispute. And, in *Mackiewicz v. Nationstar Mortg., LLC*, No. 6:15-cv-465-ORL-18GJK, 2015 WL 11983233 (M.D. Fla. Nov. 10, 2015), the Court granted a motion to stay pending the resolution of other cases before the Supreme Court and D.C. Circuit that could have been dispositive of the entire case.[4] In these cases, a stay made sense—it would "save the parties considerable litigation expenses on potentially superfluous issues or foreclosed arguments" and avoid "the waste of judicial resources." *Ferrari v. N. Am. Credit Services, Inc.*, 585 F. Supp. 3d 1334, 1337 (M.D. Fla. 2022) (Mizelle, J.) (citation omitted). But the same cannot be said here. The resolution of Fanatics' motion to transfer will not alter the scope of issues and arguments in this case; it will merely impact the forum in which they are heard.

## IV. Conclusion

For the reasons set forth above, Fanatics' motion should be denied.

---

[4] Fanatics also relies on an unelaborated order granting defendants' motion to stay. *See* Order Granting Motion to Stay, *Halscott Megaro, P.A. v. McCollum*, No. 6:21-cv-01559 (M.D. Fla. Nov. 9, 2021), ECF No. 30. Based on arguments raised by defendants' motion in *Halscott*, Fanatics (at 5) characterizes the situation in that case as "virtually identical" to the case here. Fanatics neglects to mention, however, that the *Halscott* defendants also argued that the court lacked personal jurisdiction, which may well have been the basis for Judge Presnell's order. *See id.*, Motion to Stay Pending the Disposition of Defendants' Motion to Transfer (M.D. Fla. Nov. 3, 2021), ECF No. 22, at 2.

| | |
|---|---|
| August 21, 2023 | Respectfully submitted, |
| | /s/ Stuart H. Singer |
| David Boies* | Stuart H. Singer (FBN 377325) |
|   *Lead Counsel | Jesse Panuccio (FBN 31401) |
| (admitted pro hac vice) | Sabria A. McElroy (FBN 95657) |
| **Boies Schiller Flexner LLP** | Jason Hilborn (FBN 1008829) |
| 333 Main Street | **Boies Schiller Flexner LLP** |
| Armonk, NY 10504 | 401 East Las Olas Blvd. |
| (914) 749-8200 | Suite 1200 |
| (914) 749-8300 (fax) | Fort Lauderdale, FL  33301 |
| dboies@bsfllp.com | (954) 356-0011 |
| | (954) 356-0022 (fax) |
| Sean Phillips Rodriguez | ssinger@bsfllp.com |
| (admitted pro hac vice) | jpanuccio@bsfllp.com |
| **Boies Schiller Flexner LLP** | smcelroy@bsfllp.com |
| 44 Montgomery Street | jhilborn@bsfllp.com |
| 41st Floor | |
| San Francisco, CA 94104 | Gary L. Sasso (FBN 622575) |
| (415) 293-6800 | D. Matthew Allen (FBN 866326) |
| (415) 293-6899 (fax) | John E. Clabby (FBN 113664) |
| srodriguez@bsfllp.com | Sarah J. Barney (FBN 1041254) |
| | **Carlton Fields, P.A.** |
| James P. Denvir | 4221 West Boy Scout Boulevard |
| (admitted pro hac vice) | Suite 1000 |
| Richard A. Feinstein | Tampa, FL 33607 |
| (admitted pro hac vice) | (813) 223-7000 |
| **Boies Schiller Flexner LLP** | (813) 229-4133 (fax) |
| 1401 New York Ave, NW | gsasso@carltonfields.com |
| Washington, DC 20005 | mallen@carltonfields.com |
| (202) 237-2727 | jclabby@carltonfields.com |
| (202) 237-6131 (fax) | sbarney@carltonfields.com |
| jdenvir@bsfllp.com | |
| rfeinstein@bsfllp.com | *Counsel for Panini America, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on August 21, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Stuart H. Singer*
Stuart H. Singer
**Boies Schiller Flexner LLP**
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Email: ssinger@bsfllp.com

13