UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PANINI AMERICA, INC.,

    Plaintiff,

v.   Case No. 8:23-cv-1721-KKM-AEP

FANATICS, INC., et al.,

    Defendants.
_____

# ORDER

Panini America, Inc., sues Fanatics, Inc., and four other Fanatics entities (collectively, Fanatics) for anti-competitive conduct related to exclusive licensing agreements for professional sports trading cards and other state law claims related to allegedly deceptive and tortious conduct. *See* Compl. (Doc. 1). Fanatics moves to transfer the case to the United States District Court for the Southern District of New York. *See* Defs.' Mot. to Transfer (Doc. 24). That motion is not yet ripe. Fanatics also moves to stay the proceedings pending resolution of the motion to transfer, Defs.' Mot. to Stay (Doc. 27), which Panini opposes, Pl.'s Opp'n to Defs.' Mot. to Stay (Doc. 42). For the reasons explained below, the motion to stay is denied.

A district court has broad discretion to stay proceedings as "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.* 299 U.S. 248, 254 (1936). In exercising that broad discretion, a district court may grant a motion to stay proceedings upon a showing of good cause and reasonableness. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (Corrigan, Mag. J.); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, Mag. J.). Accordingly, the proponents of a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 256. As a result, stays are generally disfavored unless resolution of a pending motion would eliminate meritless claims or significantly alter the scope of discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–70 (11th Cir. 1997) ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.").

As Fanatics acknowledges, a motion to transfer is not dispositive. Instead, Fanatics argues that a stay is helpful pending resolution of the motion to transfer so that the Court may "clarify the issue of venue" and to "mitigate against the burden of potentially litigating in two forums." Defs.' Mot. to Stay at 5. Specifically, Fanatics cites as concerning the

potential duplication of resources if it must respond to the complaint and submit a case management report in this Court and then later in the Southern District of New York. *Id.* at 4–5. Panini responds that the parties' "substantive work and planning that goes into [a case management report] must be done either way." *See* Pl.'s Opp'n to Defs.' Mot. to Stay at 7–8. And, of course, Fanatics must respond to the complaint at some point in one of these two forums. The question is whether delaying Fanatics's deadline to do so is reasonable or constitutes good cause under the circumstances of this case.

Fanatics has not established that it does. Even if this case is transferred to the Southern District of New York, none of Fanatics's work in filing a responsive pleading to the complaint or conferring with Panini about proposed deadlines will be wasted. For example, any motion to dismiss filed here under Eleventh Circuit precedent can be modified there under Second Circuit precedent. Might Fanatics incur additional costs without a stay if Fanatics succeeds in its transfer request? Probably. But those are inherent in defending against a lawsuit and not unfair litigation expenses. Moreover, the parties must file a case management report in either venue. Lastly, Fanatics identifies no reason to delay discovery that must occur regardless of whether the case proceeds here or in the Southern District of New York.

Accordingly, the Defendants' Motion to Stay (Doc. 27) is **DENIED**.

**ORDERED** in Tampa, Florida, on August 24, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge