# Exhibit 6

Amended & Adopted 5/12/15

1  Introduced by the Council President at the request of the Mayor and
2  amended by the Finance Committee:


ATTACHFINEXH1.tif

**RESOLUTION 2015-267-A**

A RESOLUTION MAKING CERTAIN FINDINGS, AND APPROVING AND AUTHORIZING THE EXECUTION OF AN ECONOMIC DEVELOPMENT AGREEMENT BETWEEN THE CITY OF JACKSONVILLE ("CITY") AND FANATICS, INC. ("COMPANY"), TO SUPPORT THE EXPANSION OF THE COMPANY'S OPERATIONS IN JACKSONVILLE, FLORIDA (THE "PROJECT"); RECOMMENDING THAT THE COMPANY BE APPROVED BY THE STATE OF FLORIDA'S DEPARTMENT OF ECONOMIC OPPORTUNITY AS A QUALIFIED TARGET INDUSTRY ("QTI") BUSINESS, PURSUANT TO SECTIONS 288.106-107, FLORIDA STATUTES; EVIDENCING A COMMITMENT OF CITY SUPPORT IN AN AMOUNT NOT TO EXCEED $48,000 AS THE LOCAL FINANCIAL SUPPORT UNDER THE QUALIFIED TARGET INDUSTRY TAX REFUND PROGRAM PAYABLE OVER MULTIPLE YEARS PER GUIDELINES SET BY THE STATE DEPARTMENT OF ECONOMIC OPPORTUNITY, WITH A STATE MATCH OF $192,000, FOR A TOTAL CITY AND STATE QTI AMOUNT OF $240,000 FOR 80 JOBS; AUTHORIZING A RECAPTURE ENHANCED VALUE (REV) GRANT OF $300,000; APPROVING AND AUTHORIZING EXECUTION OF DOCUMENTS BY THE MAYOR AND CORPORATION SECRETARY; AUTHORIZING APPROVAL OF TECHNICAL AMENDMENTS BY THE EXECUTIVE DIRECTOR OF THE OED; PROVIDING FOR CITY OVERSIGHT BY THE OED;

Amended 5/12/15

> TIMELINE FOR EXECUTION OF AGREEMENT BY THE COMPANY; WAIVER OF THAT PORTION OF THE PUBLIC INVESTMENT POLICY ADOPTED BY RESOLUTION 2006-119-A AS AMENDED BY ORDINANCE 2012-213-E WHICH WOULD REQUIRE THAT IN ORDER FOR A PROJECT TO RECEIVE A 50% REV GRANT FOR A 7-YEAR PERIOD, THE PROJECT MUST ACHIEVE CERTAIN MINIMUM SCORES ON THE OED'S PROJECT EVALUATION MATRIX; REQUESTING TWO READING PASSAGE PURSUANT TO COUNCIL RULE 3.305; PROVIDING AN EFFECTIVE DATE.

**WHEREAS**, Fanatics, Inc. (the "Company") has committed to create 80 permanent full-time equivalent new jobs in Jacksonville, with an average salary, exclusive of benefits, of approximately $85,808 per annum by December 31, 2019 the "New Jobs," all as further described in the Project Summary attached hereto as **Exhibit 1**; and

**WHEREAS**, such average salary for the New Jobs is a minimum of 115% of the average private-sector wage in the State effective as of January 1, 2015; and

**WHEREAS**, the City of Jacksonville ("City") wishes to support tax refunds for the Company in the maximum amount available under Sections 288.106-107, Florida Statutes, relating to qualified target industry businesses (the "QTI Refunds"); and

**WHEREAS**, the City is required to fund 20% of the amount of the basic QTI Refunds (20% of $240,000, or $600 for each of 80 new jobs, for a total City contribution of $48,000) granted to the Company as the City's "local financial support", while the State of Florida provides 80% of the basic QTI Refunds; and

**WHEREAS**, a combined City and State grant of up to $3,000 per

Amended 5/12/15

job in QTI Refunds is a pre-condition essential to the willingness and ability of the Company to expand its business in Jacksonville; and

**WHEREAS**, for the reasons more fully described in the Project Summary, the grant of QTI Refunds and payment of the of the REV Grant in such amounts serves a paramount public purpose; and

**WHEREAS**, the City's Office of Economic Development ("OED") has reviewed the application submitted by the Company for community development, and, together with representatives of the City, negotiated the Economic Development Agreement and, based upon the contents of the Economic Development Agreement, has determined the Economic Development Agreement and the uses contemplated therein to be in the public interest, and has determined that the public actions and financial assistance contemplated in the Economic Development Agreement take into account and give consideration to the long-term public interests and public interest benefits to be achieved by the City; and

**WHEREAS**, the Company has requested the City to enter into an Economic Development Agreement in substantially the form placed **On File** with the Legislative Services Division; now therefore,

**BE IT RESOLVED** by the Council of the City of Jacksonville:

**Section 1.  Findings.** It is hereby ascertained, determined, found and declared as follows:

(a)   The recitals set forth herein are true and correct.

(b)   The location of the Company's project in Jacksonville, Florida, ("Project") is more particularly described in the Economic Development Agreement.  The Project will promote and further the public and municipal purposes of the City.

(c)   Enhancement of the City's tax base and revenues, are matters of State and City policy and State and City concern in order that the State and its counties and municipalities, including the

3

Amended 5/12/15

City, shall not continue to be endangered by unemployment, underemployment, economic recession, poverty, crime and disease, and consume an excessive proportion of the State and City revenues because of the extra services required for police, fire, accident, health care, elderly care, charity care, hospitalization, public housing and housing assistance, and other forms of public protection, services and facilities.

(d)  The provision of the City's assistance as identified in the Economic Development Agreement is necessary and appropriate to make the Project feasible; and the City's assistance is reasonable and not excessive, taking into account the needs of the Company to make the Project economically and financially feasible, and the extent of the public benefits expected to be derived from the Project, and taking into account all other forms of assistance available.

(e)  The Company is qualified to carry out and complete the construction and equipping of the Project, in accordance with the Economic Development Agreement.

(f)  Recommendation for QTI Refunds.  The Council, acting in its capacity as a county, hereby recommends to the State of Florida Department of Economic Opportunity that the Company be approved as a "qualified target industry business" pursuant to Section 288.106, Florida Statutes.

(g)  The authorizations provided by this Resolution are for public uses and purposes for which the City may use its powers as a county, municipality and as a political subdivision of the State of Florida and may expend public funds, and the necessity in the public interest for the provisions herein enacted is hereby declared as a matter of legislative determination.

(h)  This Resolution is adopted pursuant to the provisions of Chapters 163, 166 and 125, Florida Statutes, as amended, the City's

Amended 5/12/15

Charter, and other applicable provisions of law.

**Section 2. Economic Development Agreement Approved.** There is hereby approved, and the Mayor and Corporation Secretary are authorized to enter into an Economic Development Agreement ("Agreement") between the City and the Company, substantially in the form dated March 20, 2015 and placed **On File** with the Legislative Services Division (with such "technical" changes as herein authorized), for the purpose of implementing the recommendations of the OED, as are further described in the Project Summary attached hereto as **Exhibit 1.**

The Agreement may include such additions, deletions and changes as may be reasonable, necessary and incidental for carrying out the purposes thereof, as may be acceptable to the Mayor, or his designee, with such inclusion and acceptance being evidenced by execution of the Agreement by the Mayor or his designee. No modification to the Agreement may increase the financial obligations or the liability to the City and any such modification shall be technical only and shall be subject to appropriate legal review and approval of the General Counsel, or his or her designee, and all other appropriate action required by law ("technical" is herein defined as including, but not limited to, changes in legal descriptions and surveys, descriptions of infrastructure improvements and/or any road project, ingress and egress, easements and rights of way, performance schedules (but only to the extent required to align the City's performance schedule with any changes to performance schedules set forth in the state agreement) design standards, access and site plan, which have no financial impact).

**Section 3. QTI Local Financial Support Approved.** By this Resolution, the City is authorized and directed to provide "local financial support," as defined in Section 288.106, Florida Statutes, in the aggregate amount of up to $48,000 or 20% of the

5

amount of the basic QTI Refunds granted to the Company by the State, whichever is less. Such local financial support shall be made available in the amount of up to $600 per new job for up to 80 new jobs created by the Company in connection with the Project. The funding for such local financial support will be made available by future appropriation of the Council over the time period described in the guidelines referenced in the heading of this Resolution if such new jobs are created.

**Section 4.   Payment of REV Grant.**

(a)   The REV Grant shall not be deemed to constitute a debt, liability, or obligation of the City or of the State of Florida or any political subdivision thereof within the meaning of any constitutional or statutory limitation, or a pledge of the faith and credit or taxing power of the City or of the State of Florida or any political subdivision thereof, but shall be payable solely from the funds provided therefor as provided in this Section. The Economic Development Agreement shall contain a statement to the effect that the City shall not be obligated to pay any installment of its financial assistance to the Developer except from the non-ad valorem revenues or other legally available funds provided for that purpose, that neither the faith and credit nor the taxing power of the City or of the State of Florida or any political subdivision thereof is pledged to the payment of any portion of such financial assistance, and that the Developer, or any person, firm or entity claiming by, through or under the Developer, or any other person whomsoever, shall never have any right, directly or indirectly, to compel the exercise of the ad valorem taxing power of the City or of the State of Florida or any political subdivision thereof for the payment of any portion of such financial assistance.

(b) The Mayor, or his designee, is hereby authorized to and shall disburse the annual installments of the REV Grant as provided

6

Amended 5/12/15

in this Section in accordance with this Resolution and the Economic Development Agreement.

**Section 5. Designation of Authorized Official/OED Contract Monitor.** The Mayor is designated as the authorized official of the City for the purpose of executing and delivering any contracts, notes and documents and furnishing such information, data and documents for the Agreement as may be required and otherwise to act as the authorized official of the City in connection with the Agreement, and is further authorized to designate one or more other officials of the City to exercise any of the foregoing authorizations and to furnish or cause to be furnished such information and take or cause to be taken such action as may be necessary to enable the City to implement the Agreement according to its terms.  The OED is hereby required to administer and monitor the Agreement and to handle the City's responsibilities thereunder, including the City's responsibilities under the Agreement working with and supported by all relevant City departments.

**Section 6. Further Authorizations**. The Mayor, or his designee, and the Corporation Secretary, are hereby authorized to execute the Agreement and all other contracts and documents and otherwise take all necessary action in connection therewith and herewith. The Executive Director of the OED, as contract administrator, is authorized to negotiate and execute all necessary changes and amendments to the Agreement and other contracts and documents, to effectuate the purposes of this Resolution, without further Council action, provided such changes and amendments are limited to amendments that are technical in nature (as described in Section 2 hereof), and further provided that all such amendments shall be subject to appropriate legal review and approval by the General Counsel, or his or her designee, and all other appropriate official action required by law.

Amended 5/12/15

**Section 7. Oversight Department.** The OED shall oversee the project described herein.

**Section 8. Execution of the Agreement.** If the Agreement approved by this Resolution has not been signed by the Company within ninety (90) days after the OED delivers or mails the unexecuted Agreement to the Company for execution, then the City Council approval of the Project and authorization for the Mayor to execute the Agreement is automatically revoked, provided however, that the Executive Director of the OED shall have the authority to extend such ninety (90) day period in writing at his discretion for up to an additional ninety (90) days.

**Section 9. Waiver of Public Investment Policy.** The following requirements of the Public Investment Policy adopted by City Council Resolution 2006-119-A, as amended by Ordinance 2012-213-E, are hereby waived: that in order for a project to receive a 50% REV grant for a 7-year period, the project must achieve certain minimum scores on the OED's Project Evaluation Matrix. The waiver is justified due to the fact that the proposed Project would create 80 new jobs in a targeted industry, retain 400 headquarter jobs, generate $10,000,000 in private capital investment, and increase the tax base.

**Section 10. Requesting Two Reading Passage Pursuant to Council Rule 3.305.** Two reading passage of this legislation is requested pursuant to Council Rule 3.305.

**Section 11. Effective Date.** This Resolution shall become effective upon signature by the Mayor or upon becoming effective without the Mayor's signature.

Amended 5/12/15

1. Form Approved:

2.

3. /s/ *Margaret M. Sidman*

4. Office of General Counsel

5. Legislation prepared by: John Sawyer

6. G:\SHARED\LEGIS.CC\2015\Reso\2015-267-A.doc

1. Form Approved: